

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8591

February 26, 2021

**VIA ECF:**
Honorable Sanket J. Bulsara
United States Magistrate Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Idiakheua v. DOCCS, et al.,</u> 20 Civ. 4169 (NGG) (SJB)

Dear Magistrate Judge Bulsara:

This Office represents defendants Robert Morton, former Superintendent, Downstate Correctional Facility ("Downstate"), Ryan Lahey, Office of Mental Health Unit Chief, and Andrew C. Urban, Parole Officer (collectively "Defendants"), in the above reference action. In accordance with Your Honor's Individual Practices, the Defendants respectfully request a limited stay of discovery, with respect to either parties' ability to notice or take a deposition, in this matter until such time that the Defendants' Motion to Dismiss is decided.[1] This is the Defendants' first request for a limited stay of discovery and their second request for a stay of discovery in general. The Defendants' first request was denied by the Honorable Nicholas G. Garaufis who noted, as a basis for the Court's decision to deny the Defendants' request at that time, that Plaintiff had named several "John Doe" defendants which paper discovery would assist in the identification of. Judge Garaufis further noted that the Court would defer to Your Honor's discretion as to the timing and amount of discovery to take place while the Motion to Dismiss was being decided. Accordingly, the Defendants respectfully request a limited stay of discovery for the reasons noted below.

Plaintiff's consent to this application has not been obtained because counsel for the Plaintiff stated, in a February 12, 2021 conversation, that they believed a decision on the Motion to Dismiss was likely to be issued prior to expiration of fact discovery which would make the Defendants' request moot and/or not necessary at this time. To the extent Plaintiff has changed her position since that conversation and intends to rely on her prior opposition to the Defendants' original request for a stay of discovery, those contentions are also addressed below.

---

[1] The Honorable Nicholas G. Garaufis' February 4, 2021 Order, directed the parties to proceed with discovery, however, the scope of discovery was left to the discretion of Your Honor. *See Minute Entry from February 4, 2020 proceeding*. Accordingly, the Defendants only seek a limited stay of discovery which is in accordance with the Honorable Nicholas G. Garaufis' February 4, 2021 Order.

**Depositions Should be Stayed Pending the Outcome of the Motion to Dismiss**

Briefly, Plaintiff is the mother of Mr. Suarez, an individual who had been incarcerated at Downstate. Plaintiff alleges that while at Downstate her son did not receive adequate mental health care leading to an attack on her person after his release from custody.

Plaintiff asserts the following claims: 1) substantive due process as against all defendants; 2) state-law negligence as against all defendants; 3) state-law negligent hiring as against the Supervisory Defendants[2]; 4) state-law negligent training as against the Supervisory Defendants; 5) state-law negligent retention as against the Supervisory Defendants; 6) state-law negligent supervision as against the Supervisory Defendants; and 7) state-law negligent infliction of emotional distress as against all defendants.

As set forth in Your Honor's Individual Practices, Rule III(B), in order to obtain a stay of discovery, "'[D]istrict courts have considered the following factors in determining whether a stay of discovery is appropriate pending the outcome of a dispositive motion: (1) whether the defendant has made a strong showing that the plaintiffs claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.'" *Long Island Hous. Servs., Inc. v. Nassau Cty. Indus. Dev. Agency*, No. 14-CV-3307, 2015 WL 7756122, at *2 (E.D.N.Y. Dec. 1, 2015) (quotations omitted and alterations in original).

Here, a limited stay of discovery, namely a stay of the depositions, in this matter is warranted because: 1) plaintiff's claims are meritless and likely to be dismissed; 2) producing witnesses for and taking depositions at this time will place an undue burden upon the Defendants; and 3) there will be no prejudice to Plaintiff as paper-discovery has already commenced and any testimony from the witnesses and parties can be taken after a decision on the Motion is issued.

**A. Plaintiff's Claims Lack Merit:**

    **1. State-law Claims against Superintendent Morton and Parole Officer Urban:**

As noted above, Plaintiff's Amended Complaint alleges six state-law claims, however, all state-law claims against former Superintendent Morton and Parole Officer Urban, must be dismissed because they are barred by *N.Y. Corr. Law § 24*. *See Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996) ("This provision, by its plain terms, precludes the assertion of claims against corrections officers in any court, including the federal courts"); *see also Hassell v. Fischer*, 96 F. Supp. 3d 370, 385 (S.D.N.Y. 2015), *aff'd*, 879 F.3d 41 (2d Cir. 2018) ("New York Correction Law § 24 provides that New York courts lack jurisdiction over claims for money damages brought against DOCS and Parole officials in their personal capacities arising from conduct within the scope of their employment."). In a prior opposition, Plaintiff contended that this provision is only applicable if a DOCCS employee is working within their scope of employment. *Dkt. No. 20 pg 3*. Even if this was the standard for *N.Y. Corr. Law § 24* to apply, which it is not, the Court need not address what constitutes a DOCCS' employees' scope of employment because *N.Y. Corr. Law § 24(2)* specifically states that "[a]ny claim for damages arising out of any act done or the failure to

---

[2] Plaintiff has identified former Superintendent Morton and Unit Chief Lahey as the "Supervisory Defendants". *See A.C. ¶ 23*.

perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state." Here, Plaintiff's allegations against former Superintendent Morton and Parole Officer Urban are that they were required to perform certain duties, with regards to Mr. Suarez's mental health care, and that they failed to preform those duties. As such, *N.Y. Corr. Law § 24(2)* clearly bars Plaintiff's state-law claims against these individuals because Plaintiff's allegations only allege a failure to perform certain task as mandated in their purported job descriptions. Accordingly, all state-laws against these individuals must be dismissed. *See Baker*, 77 F.3d at 15.

### 2. Plaintiff's Substantive Due Process Claim:

Plaintiff's only non-state-law claim is a substantive due process claim which too is meritless and should be dismissed because the "injuries" in which Plaintiff claims she suffered were at the hands of a private actor, her son Mr. Suarez. As stated by the United States Supreme Court, the due process cause does not require the "State to protect the life, liberty, and property of its citizens against invasion by private actors." *See DeShaney v Winnebago County Department of Social Services*, 109 S.Ct. 998 (1989). While the Second Circuit has created two exceptions to this rule, neither apply in this case. The first exception is referred to as the "special relationship" exception which only applies to an individual who the State has taken into custody or involuntarily committed. *See Matican v. City of New York*, 524 F.3d 151 (2c Cir. 2018). The second exception, known as the "state created danger" theory, also does not apply here as this exception requires Plaintiff to establish that the Defendants undertook an affirmative action which "assisted in creating or increasing the danger to the victim". *Okin* v. *Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 428 (2d Cir. 2009) (quoting *Dwares* v. *City of New York*, 985 F.2d 94, 99 (2d Cir. 1993)). Here, Plaintiff alleges the opposite in that the Defendants failed to undertake certain actions, not that they affirmatively took any action. Passive actions, such as the ones alleged here (i.e. failing to warn Plaintiff and/or failing to do more for Mr. Suarez), however, do not qualify as a state created zone of danger. *Matican*, 524 F.3d at 157 (collecting cases).

In prior opposition, Plaintiff mistakenly asserted that certain implicate, or passive actions, may constitute as a state created zone of danger but Plaintiff has not cited to a single case which has held this position. *See e.g. Dwares*, 985 F.2d at 99 (holding that the NYPD's failure to intervene as they watched a group of individuals being attacked by "skinheads" and that the NYPD conspired with those "skinheads", prior to the attacks starting, to permit such attacks upon the individuals without fear that the "skinheads" would be punished, constituted the NYPD defendants' affirmative action and thus satisfied the state created zone of danger theory). Indeed, when faced with a situation involving passive or non-affirmative acts, the Second Circuit held, in *Pena v. DePrisco*, that the governments' affirmative actions must still be found and in certain cases, not like the ones here, the affirmative act could be found in the government's implicit behaviors that condone, or suggest, that an illegal behavior would not be pushed, 432 F.3d 98, 111 (2d Cir. 2005). Here, there is not a single allegation, conclusory or factual, that suggests any of the Defendants ever conspired with, condoned, or suggested to Mr. Suarez that an attack on his mother would be permissible and not punishable. As such, Plaintiff's due process claim fails because she cannot establish, as she must, that any of the Defendants undertook an affirmative action.

In any event, and assuming *arguendo*, that Plaintiff's allegations support a finding that the actions of the Defendants violated her substantive due process rights, Plaintiff has still failed to state a claim because, the allegations alleged against the Defendants do not "shock the conscious." *Golian v. New York City Administration for Children Services*, 282 F.Supp.3d 718 (S.D.N.Y. 2017). In prior opposition, Plaintiff contended that the "Defendants' outrageous conduct "shocks the conscious" because the Defendants allegedly "violated multiple state law requirements" in placing Mr. Suarez in segregated confinement and not providing him proper mental health treatment prior to his release. *Dkt. No. 20 pg 3*. Even if these allegations were true, contrary to Plaintiff's believe, they do not shock the conscious as segregated confinements "even though 'restrictive and harsh, are insufficient to establish [a constitutional] violation[ ] because they are part of the penalty that criminal offenders pay for their offenses against society.'" *Smart v. Gifford*, No. 15-CV-8939 (KMK), 2018 WL 401516, at *12 (S.D.N.Y. Jan. 12, 2018) (citations omitted) (collecting cases) and "prison officials and medical officers have wide discretion in treating prisoners, and Section 1983 is not designed to permit federal courts to interfere in the ordinary medical practices of state prisons." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (citations omitted). As such, the Defendants' conduct does not "shock the conscious" and this claim is likely to be dismissed.

### 3. The Defendants Are Entitled to Qualified Immunity:

As noted above, the law is not clearly established that the facts in the Amended Complaint would establish a substantive due process claim. Moreover, based on the allegations of the Amended Complaint, the actions of the Defendants were objectively reasonable thereby entitling them to qualified immunity and dismissal of Plaintiff's sole federal claim. *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (holding "[t]he issues on qualified immunity are: (1) whether plaintiff has shown facts making out [a] violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful.") ((citation omitted)).

### 4. State-Law Claims against Unity Chief Lahey:

The state-law claims against Unit Chief Lahey will also likely be dismissed. Since Plaintiff has failed to allege a single federal claim, and the state-law claims against DOCCS employees are barred, the Court can use its discretion to decline to exercise jurisdiction over any remaining state-law claim against Unit Chief Lahey. *See Malik v. City of New York*, No. 20-1969-cv, 2021 WL 79174 (2d Cir. January 11, 2021) (summary order) (holding that upon dismissing federal claims, lower court properly declined to exercise pendent jurisdiction over the state law claims). If, however, the Court were to exercise pendent jurisdiction the remaining state-law claims against Unit Chief Lahey are also subject to dismissal because they are all are predicated upon a theory of *respondeat superior*, which is not actionable under New York State law. *Domus Arbiter Realty Corp. v. Bayrock Group LLC*, No. 651970/2014, 2018 WL 6248761, at *3 (N.Y. Sup. Ct. Nov. 28, 2018) (holding "the doctrine of respondeat superior does not impose liability on the individual supervisor"). In any event, the state-law claims asserted against Unit Chief Lahey, which stem from and/or are derived directly from his purported failure to provide, or instruct his staff to provide, Mr. Suarez with adequate mental health care, are not claims of negligence, as Plaintiff

4

...
...

has plead them as, but rather, and according to New York law, are claims of medical malpractice. *See Papa v. Brunswick Gen. Hosp.*, 132 A.D.2d 601, 603 (2d Dept 1987) (holding "[w]hen the duty owing to the plaintiff by the defendant arises from the physician-patient relationship or is substantially related to medical treatment, the breach thereof gives rise to an action sounding in medical malpractice as opposed to simple negligence"). Medical malpractice claims only have a two-and a half year Statute of Limitations, *N.Y. C.P.L.R. § 214-a*, and, therefore, these claims are time-barred since Mr. Suarez was released on September 5, 2017, *A.C. ¶ 47*. Accordingly, the last day to assert these claims expired on March 5, 2020. As such, and because the Complaint in this matter was not even filed until September 5, 2020 all of the state-law claims must be dismissed.

According, a limited stay of discovery in this matter is warranted because the Defendants have shown that Plaintiff's Amended Complaint is likely to be dismissed as meritless.

**B. The Burden of Discovery:**

Although Plaintiff's case is clearly meritless, and the limited discovery stay should be granted on that bases alone, the other factors also lend themselves to granting the limited stay. Here, Plaintiff has indicated to this Office that they intend to seek extensive discovery from at least three different State Agencies who will each have to devote resources in order to obtain responses to Plaintiff's demands. These agencies should also not be forced to produce witnesses, at this time, to interpret the Defendants' responses in light of the fact that most of the claims should be dismissed and their testimony may not even be necessary. Similarly, the Defendants should also not be forced to be produced for a deposition when it is equally likely that they too will be dismissed from this matter for the reasons noted above.

**C. Lack of Prejudice:**

The Motion to Dismiss in this matter is likely to be dispositive of the entire action, and as such, Plaintiff will not be prejudiced by the limited stay. *See Amador Rivera, V. I. Michael Heyman*, No. 96 Civ. 4489(PKL), 1997 WL 86394, at *1 (S.D.N.Y. February 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue"). Moreover, since paper discovery has commenced, Plaintiff will also not be prejudiced if the limited stay is granted as Plaintiff can always take the depositions of any of the Defendants, should any remain, following the decision of the Motion which, as noted above, counsel believes will be available prior to the conclusion of the fact discovery phase.

Accordingly, it is respectfully requested that a limited stay be placed upon this matter, barring the noticing or taking of any depositions, until the Defendants' Motion is resolved.

Thank you for your consideration of this application.

                   Respectfully submitted,
                   *S/ John R. Doran*
                   John R. Doran

cc:  Counsel for plaintiff (VIA ECF)    Assistant Attorney General